USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE.FILED: 10/9/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————x

KAREEM BRYAN,                                     :

           Petitioner,                        :

    v.                                            :

WILLIAM LEE, Superintendent,                      :
Green Haven Correctional Facility,                :

           Respondent.                        :

————————————————————————x

**OPINION AND ORDER**

09-cv-9276 (ER)

RAMOS, D.J.:

Kareem Bryan (the "Petitioner"), an incarcerated *pro se* litigant, filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on November 9, 2009.  On April 9, 2010, the case was referred to the Honorable George A. Yanthis, United States Magistrate Judge.  The case was reassigned to this Court on January 5, 2012.  Docs. 1, 16, 18.

On November 19, 2012, Judge Yanthis issued his Report and Recommendation (the "Report"), recommending that the Petition be denied in its entirety.  Doc. 20.  The initial deadline for written objections to the Report was December 6, 2012.  By letter dated November 27, 2012, Petitioner sought an enlargement of time of ninety days in order to file his objections. The Court granted Petitioner's request and extended the deadline to March 7, 2013.  Doc. 21. Ultimately, however, Petitioner did not submit any objections to the Report.

By letter dated November 29, 2012, Respondent submitted an objection to the finding in the Report that Petitioner was entitled to equitable tolling because the Petition was only filed late as a result of a four cent deficiency in postage.  Instead, Respondent urges the Court to find that the Petition is untimely.  Doc. 22.

For the reasons set forth below, the Court adopts the reasoning Report in its entirety, over Respondent's objections, and DENIES the Petition.

## I.   Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise "specific," "written" objections to the report and recommendation "[w]ithin fourteen days after being served with a copy." *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). A district court reviews *de novo* those portions of the report and recommendation to which timely and specific objections are made. 28 U.S.C. § 636(b)(1)(C); *see also United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997). The district court may adopt those parts of the report and recommendation to which no party has timely objected, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008). The district court will also review the report and recommendation for clear error where a party's objections are "merely perfunctory responses" argued in an attempt to "engage the district court in a rehashing of the same arguments set forth in the original petition." *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted).

## II.   Respondent's Objection

Respondent objects to the Report's finding that due to equitable tolling, the Petition was timely. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for the filing of a habeas corpus petition seeking relief from a state court conviction. *See* 28 U.S.C. § 2244(d)(1). Here, Petitioner had until October 7, 2009 to timely file a habeas petition, but the Pro Se Office did not receive the Petition until October 16,

2013. Doc. 22 at 1. Petitioner initially delivered the Petition to correctional officials for mailing on October 5, 2009.[1] On October 7, 2009, the facility returned the Petition to Petitioner with a memo indicating that the mailing required $2.24 in postage, but Petitioner only had $2.20 available in free legal mail stamps. Thus, the Petition became time-barred, absent equitable tolling of the limitation period.

Judge Yanthis found that Petitioner qualifies for equitable tolling because, "but for a lack of $0.04 of postage, the instant petition would have been timely filed pursuant to the mailbox rule." Report at 6. Upon learning of the postage mishap, Petitioner resubmitted his Petition with a note to the Clerk of the Court, Pro Se Office, explaining that his first attempt to submit the Petition was timely, but failed due to the four cent shortage. *Id.* (citations omitted).

Respondent's objection rehashes the arguments made in its opposition to the Petition. Respondent's Mem. of Law at 25-28, Doc. 15. Respondent argues that, even though Petitioner first attempted to send his Petition on October 5, 2013, the Petition is nonetheless untimely because, by his own admission, he failed to adhere to Federal Rule of Appellate Procedure 4(c)(1), which requires sufficient, pre-paid postage. Doc. 22 at 1. Equitable tolling only applies in "rare and exceptional circumstances" where "extraordinary circumstances" prevented timely filing, and the Petitioner "acted with reasonable due diligence throughout the period he seeks to toll." *Smith v. McGinnia*, 208 F.3d 13, 17 (2d Cir. 2000), *cert. denied* 531 U.S. 840 (2000). Respondent asserts that the facts here—Petitioner's delay in securing postage—"cannot be considered an extraordinary circumstance warranting equitable tolling." Doc. 22 at 2 (citing *Moon v. Rock*, No. 07 Civ. 5026 (SJF), 2008 WL 5272469, at *3-*4 (E.D.N.Y. Dec. 15, 2008)).

---

[1] Under the prison mailbox rule, a *pro se* prisoner's papers are considered filed at the time the prisoner turns them over to officials for forwarding to the Court. *See, e.g., Rhodes v. Senkowski*, 82 F. Supp. 2d 160, 165 (S.D.N.Y. 2000) (collecting cases).

The Court agrees with Judge Yanthis's conclusion.  While it is true that in cases such as *Moon*, federal courts have declined to equitably toll a case based upon difficulties associated with litigating from a prison cell, the instant case is distinguishable.  Unlike in *Moon*, where the petitioner did not even establish when it was that he gave his Petition to correctional officials for filing, it is not disputed that the Petitioner here attempted to file his Petition on October 5, 2009, *before* the expiration of the statute of limitations.  *Cf.* 2008 WL 5272469, at *3.  Respondent also points out that Petitioner had available funds to purchase postage in his prisoner account, but instead chose to use his weekly allowance for free legal postage.  *See, e.g.*, Doc. 22 at 2; Aff. of Nicholas DiCostanzo at 9, Doc. 14.  The Court agrees with Judge Yanthis that it was reasonable for Petitioner to believe that a $2.20 allotment would be sufficient to pay for the mailing, given its size (ten pages, double-sided).  In addition, Petitioner diligently resubmitted his Petition soon after the initial mailing was returned to him.  Accordingly, the Court adopts Judge Yanthis's recommendation that the Petition should not be dismissed as untimely.

Nonetheless, the Petition will be denied on other grounds.  In spite of the Court's ninety day extension, Petitioner failed to object to the Report or make any additional application for enlargement of time to the Court by March 7, 2013.  Accordingly, Petitioner has waived the right to object to the Report, or to obtain appellate review.  *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008); *see also Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992).  Despite Petitioner's failure to object to the Report, the Court has reviewed Judge Yanthis's thorough and well-reasoned Report and finds no error, clear or otherwise.  The Court therefore adopts Judge Yanthis's recommendation to dismiss Petitioner's claims for the reasons stated in the Report.

## III.    Conclusion

For the reasons set forth above, the Court adopts Judge Yanthis's Report in its entirety.

Petitioner's Petition for a writ of habeas corpus is DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court further concludes that petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and accordingly a certificate of appealability is DENIED.

The Petition is hereby DENIED.  The Clerk of the Court is respectfully directed to close this case.


It is SO ORDERED.

Dated:  October 9, 2013
        New York, NY


_____
Edgardo Ramos, U.S.D.J.